IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GILBERT DIAZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0270 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY PETITION
FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

On October 2, 2006, petitioner filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of an August 3, 2005 prison disciplinary proceeding. For the reasons set forth below, petitioner's habeas application should be DENIED.

NO LOSS OF GOOD TIME CREDITS

In order to challenge a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory release and have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). From petitioner's recitation of all the punishment imposed, it appears petitioner did not lose any previously accrued good time credits. Consequently, petitioner is not entitled to federal habeas corpus relief

and his petition should be DENIED.

## STATUTE OF LIMITATIONS

It further appears petitioner's challenge to his disciplinary proceeding is time-barred. Title 28 U.S.C. § 2244(d) establishes a one-year limitation period during which persons who are in custody pursuant to a judgment of a state court may file a federal application for a writ of habeas corpus. The statute of limitations is applicable to a prison disciplinary proceeding and in calculating the statute of limitations for disciplinary proceedings, the date of the disciplinary hearing decision is used as the factual predicate date. *Kimbrell v. Cockrell*, 311 F.3d 361 (5th Cir. 2002). Any appeal filed pursuant to the grievance procedure tolls the statute of limitations period if grievances are timely filed. *Id.*

Petitioner's Step 2 challenge to his disciplinary proceeding was denied on September 26, 2005. Petitioner, however, did not deposit the instant federal habeas application in the prison mail system for filing until September 28, 2006, more than one (1) year after the disciplinary ruling became final on September 26, 2005 upon the completion of administrative review. Consequently, petitioner's habeas application is time-barred. *See* 28 U.S.C. § 2244(d).

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner GILBERT DIAZ be DENIED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 4th day of October 2006.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


* <u>**NOTICE OF RIGHT TO OBJECT**</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).